**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **WILLIAM A. HUDSON, IDOC # S03635,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-532-GPM** |
| | ) | |
| **WEXFORD HEALTH SOURCE, INC., and DOCTOR WAHL, Facility Medical Director, Pinckneyville Correctional Center,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff William A. Hudson, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of twenty years' imprisonment at the Pinckneyville Correctional Center ("Pinckneyville") for home invasion, brings this action pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights by persons acting under color of state law. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon

which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 821 (7th Cir. 2009) (citing *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001)).

According to the allegations of Hudson's pro se complaint, Hudson suffers from chronic pain in his back. With respect to Defendant Wexford Health Source, Inc. ("Wexford"), a company that furnishes health care to prisoners in IDOC custody pursuant to a contract with the IDOC, Hudson alleges that on March 10, 2010, he requested that Wexford approve him for a magnetic resonance imaging scan ("MRI scan"), as an MRI scan for Hudson had been recommended by Dan Veral, a physical therapist at the Pinckneyville prison. On March 25, 2010, according to Hudson, Wexford denied Hudson's request for an MRI scan. It further appears from Hudson's complaint that Wexford's March 25 denial of Hudson's request for an MRI scan was the second time Wexford has denied such a request by Hudson. With respect to Defendant Doctor Wahl, she is a physician employed by Wexford to provide medical care for prisoners at Pinckneyville. According to

Hudson's allegations, Wahl denied a request by Hudson for an MRI scan, telling Hudson that he had no symptom requiring an MRI scan.[1] Additionally, Hudson complains that Wahl ordered him to exercise as a remedy for his back pain, a course of treatment that Hudson claims contradicts the recommendation of Veral, the physical therapist. Hudson alleges also that Wahl frequently changes prescriptions for pain medication prescribed to Hudson by other physicians, or else refuses to renew such prescriptions or allows the prescriptions to run out without renewing them, instead giving Hudson Ibuprofen or other minor pain medications that Hudson contends are ineffective at curbing the pain in his back and which, Hudson complains, Wahl prescribes for only thirty days at a time. According to Hudson, on one occasion, after Wahl allowed a prescription for pain medication given to Hudson by another physician to run out, when Wahl was informed by Hudson that he had not been exercising as directed by Wahl because she had allowed his prescription to run out, Wahl accused Hudson of failing to follow her treatment plan, then, after an argument between Hudson and Wahl, renewed only half of the prescription that she had allowed to run out. Finally, according to Hudson, Wahl examined certain lumps on Hudson's back, but refused to tell Hudson her opinion about the lumps.

---

1. Because Wexford, as a corporation, can act only through its agents, such as Wahl, presumably Wahl or, at any rate, a physician employed by Wexford was responsible for the two denials of requests by Hudson for an MRI scan complained of in the allegations of Hudson's complaint directed solely against Wexford. Naturally, because this is a suit under 42 U.S.C. § 1983, Wexford is not vicariously liable for any alleged violations of Hudson's civil rights by Wahl. *See Burks v. Raemisch*, 555 F.3d 592, 593, 596 (7th Cir. 2009) (citing *Monell v. Department of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978)) (noting that "Section 1983 does not establish a system of vicarious responsibility" and thus, "public employees are responsible for their own misdeeds but not for anyone else's."); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)) ("The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'").

In his complaint Hudson contends that Wexford and Wahl have been deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment rights. Hudson seeks an injunction to compel Wexford and Wahl to permit Hudson to be examined by a neurologist and to be given an MRI scan; in fact, Hudson promises that, if the Court issues the injunction as requested, he will dismiss this case. Accordingly, the Court turns to the standard under which it must evaluate a request for injunctive relief. In the Seventh Circuit, a party seeking a permanent injunction "must demonstrate (1) it has succeeded on the merits; (2) no adequate remedy at law exists; (3) the moving party will suffer irreparable harm without injunctive relief; (4) the irreparable harm suffered without injunctive relief outweighs the irreparable harm the nonprevailing party will suffer if the injunction is granted; and (5) the injunction will not harm the public interest." *Old Republic Ins. Co. v. Employers Reinsurance Corp*., 144 F.3d 1077, 1081 (7th Cir. 1998). However, a party seeking a permanent injunction is "not required . . . to show irreparable injury. Although it is a necessary element for a temporary restraining order or a preliminary injunction, 'irreparable injury is not an independent requirement for obtaining a permanent injunction; it is only one basis for showing the inadequacy of the legal remedy.'" *Crane v. Indiana High Sch. Athletic Ass'n*, 975 F.2d 1315, 1326 (7th Cir. 1992) (quoting *Jennings Water, Inc. v. City of N. Vernon, Ind*., 895 F.2d 311, 318 n.6 (7th Cir. 1989)) (internal citation omitted). *See also Walgreen Co. v. Sara Creek Prop. Co., B.V.*, 966 F.2d 273, 275 (7th Cir. 1992) (observing that, in the context of an injunction, "irreparable" means that an injury cannot be rectified by entry of a final judgment and therefore "has nothing to do with whether to grant a permanent injunction"). Importantly, in seeking a permanent injunction, a plaintiff must prove actual success on the merits rather than a likelihood of success on the merits, as is required, of course, to procure a preliminary injunction. *See Plummer v. American Inst. of*

*Certified Pub. Accountants*, 97 F.3d 220, 229 (7th Cir. 1996) (citing *Amoco Prod. Co. v. Village of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987)). Finally, "in the prison context, a request for injunctive relief must always be viewed with great caution because . . . judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Carr v. Whittenburg*, No. 3:01-cv-625-DGW, 2006 WL 1207286, at *3 (S.D. Ill. Apr. 28, 2006) (quoting *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

It is well settled, of course, that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). As the United States Court of Appeals for the Seventh Circuit has instructed, "[t]he Eighth Amendment to the Constitution of the United States proscribes the infliction of 'cruel and unusual punishments.' The amendment imposes upon prison officials the duty to 'provide humane conditions of confinement,' including the obligation to provide medical care to those whom it has incarcerated." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A prisoner raising an Eighth Amendment claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Thus, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The second requirement demands that the prisoner satisfy a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to

"'deliberate indifference' to inmate health or safety." *Id*. (quoting *Wilson*, 501 U.S. at 297, 302-03). *See also Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Estelle*, 429 U.S. at 104) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"). The indicia of a serious medical need are: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "the presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (internal quotation marks omitted).

Applying then both the standard under which the Court must evaluate a request for an injunction and the standard under which the Court must evaluate a claim of deliberate indifference to a serious medical need, the Court finds that Hudson's case founders on the first element of the former standard, actual success on the merits. It appears that Hudson and Wahl are in deep disagreement about the cause of, and the proper course of treatment for, Hudson's chronic back pain. Wahl believes that Hudson's back pain stems from lack of exercise and being overweight and, accordingly, her recommendation as to the proper course of treatment for Hudson is to exercise and lose weight; in addition, she has prescribed medically-accepted, non-narcotic pain medications to Hudson. For his part, Hudson believes, for whatever reason, that the source of his back pain is something more serious than lack of exercise and being overweight and therefore demands to be examined by a neurologist and to be given an MRI scan, arguing that such a scan "would be better suited" to uncover the source of the pain than Wahl's diagnostic methods. Doc. 1 at 7. In other

words, boiled down to their essence, Hudson's allegations amount to a quibble with the course of treatment selected by Wahl, his physician, and a complaint that the course of treatment selected by her has not been effective, claims that are not actionable as violations of Hudson's civil rights. "[T]he Constitution is not a medical code that mandates specific medical treatment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Thus, for purposes of the Eighth Amendment, "[m]edical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the Amendment's purview. Such matters are questions of tort, not constitutional law." *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (quoting *Estelle*, 429 U.S. at 107) (brackets omitted). *See also Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (holding that when, "[a]t best, [a prisoner] alleges a disagreement with medical professionals about his needs," then the prisoner "does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of *Estelle*[.]"). Furthermore, "[m]edical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez*, 111 F.3d at 1374 (citing *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996)). *See also Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000) ("A doctor might be careless . . . , and this carelessness may constitute malpractice. But malpractice alone is not enough to meet the constitutional standard."); *Freeman v. Fairman*, 916 F. Supp. 786, 791 (N.D. Ill. 1996) ("[O]rdinary medical malpractice based upon negligence in providing care does not state a claim under the Eighth Amendment."). Thus, "[m]ere negligence or even gross negligence does not constitute deliberate indifference." *Snipes*, 95 F.3d at 590 (citing *Wilson*, 501 U.S. at 305). While Hudson may disagree with Wahl's recommended treatment, he has failed to state an Eighth Amendment claim for relief.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Hudson's complaint fails to state a claim upon which relief may be granted with respect to Hudson's claim of a violation of his Eighth Amendment rights. Therefore, this action is **DISMISSED with prejudice**. Hudson's motion for a preliminary injunction (Doc. 2), motion for appointment of counsel (Doc. 4), motion to attach new evidence to his complaint (Doc. 7), and motion to withdraw his complaint and file an amended complaint (Doc. 8) are **DENIED as moot**. Hudson is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: January 23, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge