## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM A. HUDSON, IDOC # S03635,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO. 10-532-GPM** |
| ) | |
| **WEXFORD HEALTH SOURCE, INC., and** ) | |
| **DOCTOR WAHL, Facility Medical Director,** ) | |
| **Pinckneyville Correctional Center,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion for reconsideration and for leave to file an amended complaint brought by Plaintiff William A. Hudson (Doc. 14). Hudson, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of twenty years' imprisonment at the Pinckneyville Correctional Center ("Pinckneyville") for home invasion, brings this action pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights by persons acting under color of state law. Specifically, Hudson alleges that Defendants Wexford Health Source, Inc. ("Wexford"), a company that furnishes medical care to IDOC prisoners pursuant to a contract with the IDOC, and Doctor Wahl, a physician and Wexford employee who treats prisoners incarcerated at Pinckneyville, have been deliberately indifferent to Hudson's serious medical needs, in violation of the Eighth Amendment. In particular, Hudson claims that Wexford and Wahl have refused to permit him to be examined by a neurologist or other specialist in regard to pain in Hudson's lower back and have refused to schedule Hudson for a

magnetic resonance imaging ("MRI") scan, against the advice of Dan Veral, a physical therapist at Pinckneyville. Hudson complains also that Wahl insists on treating him with non-narcotic pain relievers like Ibuprofen, which Wahl prescribes only for limited periods, and that Wahl's chosen course of treatment for Hudson, namely, exercise and weight loss to remedy what Wahl believes are tight muscles in Hudson's back, is mistaken and ineffective. On January 23, 2011, the Court dismissed this case pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted; judgment was entered the same day. Hudson now seeks reconsideration of the Court's dismissal of this case.

Initially the Court must determine whether Hudson's motion is a motion to alter or amend a judgment brought pursuant to Rule 59 of the Federal Rules of Civil Procedure or a motion for relief from a judgment or order brought pursuant to Rule 60 of the Federal Rules of Civil Procedure. Rule 59 provides, in relevant part, that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 60 provides that on motion and just terms, a court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) of the Federal Rules of Civil Procedure; (3) fraud, whether previously called intrinsic or extrinsic, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b); *Tobel v. City of Hammond*, 94 F.3d 360, 361 (7th Cir. 1996). "[W]hether a motion . . . should be analyzed

under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006)) (emphasis in original). Generally a post-judgment motion is deemed to be brought pursuant to Rule 59(e) if it encompasses reconsideration of matters decided on the merits, such as a manifest error of law or fact. *See id*. at 493-94 (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)); *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002).

In this instance Hudson's motion appears to assert errors of law and fact, and therefore the Court construes the motion as being brought pursuant to Rule 59(e). Accordingly, the Court notes briefly the standard under which it must evaluate a Rule 59(e) motion. Motions to alter or amend a judgment under Rule 59(e) "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co*., 224 F.3d 601, 606 (7th Cir. 2000) (quotation omitted). As the United States Court of Appeals for the Seventh Circuit has acknowledged, true manifest errors, in which "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension," are "rare[ ] . . . and the [Rule 59(e)] motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc*., 906 F.2d 1185, 1191 (7th Cir. 1990). In general, a Rule 59(e) motion cannot be premised on evidence or arguments that could or should have been presented to a district court prior to the entry of judgment. *See Divane v. Krull Elec.*

*Co.*, 194 F.3d 845, 850 (7th Cir. 1999); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251

(7th Cir. 1987). Additionally, a Rule 59(e) motion that "merely t[akes] umbrage with the court's

ruling and rehashe[s] old arguments" is not an appropriate candidate for relief under the rule.

*Oto*, 224 F.3d at 606. The decision to grant or deny a Rule 59(e) motion "is entrusted to the sound

judgment of the district court[.]" *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). With the foregoing

standard in mind, the Court turns to consideration of Hudson's motion to alter or amend the Court's

judgment in this case.

Having considered the matter carefully, the Court remains persuaded that its decision

to dismiss Hudson's complaint for failure to state a claim upon which relief may be granted is

correct. Deliberate indifference is "something approaching a total unconcern for [a prisoner's]

welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm[.]" *Duane v.*

*Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citation omitted). This total disregard for a prisoner's

safety is "the functional equivalent of wanting harm to come to the prisoner." *McGill v.*

*Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Under the Eighth Amendment standard, "conduct

is deliberately indifferent when the official has acted in an intentional or criminally reckless manner,

*i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and

decided not to do anything to prevent that harm from occurring even though he could have easily

done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation and brackets omitted).

Here the record does not disclose deliberate indifference, only a bitter disagreement between Hudson

and his prison health care providers about the proper course of treatment for Hudson's back pain and,

in particular, whether Hudson should receive a MRI scan. However, "the Eighth Amendment does

not require that prisoners receive 'unqualified access to health care.'" *Johnson v. Doughty*, 433 F.3d

1001, 1013 (7th Cir. 2006) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). Similarly, "[u]nder

the Eighth Amendment, [a prisoner] is not entitled to demand specific care." *Forbes v. Edgar*, 112

F.3d 262, 267 (7th Cir. 1997). Moreover, as already has been explained to Hudson, this Court is not

constitutionally obliged to referee disputes between a prisoner and his or her health care providers

about the proper course of medical treatment for the prisoner. *See Snipes v. DeTella*, 95 F.3d

586, 592 (7th Cir. 1996) ("A prisoner's dissatisfaction with a doctor's prescribed course of treatment

does not give rise to a constitutional claim[.]"); *Brownlow v. Chavez*, 871 F. Supp. 1061, 1064

(S.D. Ind. 1994) ("The Eighth Amendment does not guarantee a prisoner's choice of a physician, a

mode of treatment or a place of treatment, nor does or could it guarantee a particular outcome or

level of comfort in the face of physical maladies.") (citation omitted). Although medical personnel

at Pinckneyville have elected to pursue a conservative course of treatment for Hudson, this case is

not one in which a health care provider's chosen course of treatment is "so far afield of accepted

professional standards as to raise the inference that it was not actually based on a medical judgment."

*Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). Said differently, the level of care that

Hudson alleges has been furnished to him has not been "so clearly inadequate as to amount to a

refusal to provide essential care[.]" *Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir. 1984). Hudson's

Rule 59(e) motion will be denied.[1]

---

1. Hudson's failure to secure relief under Rule 59(e) is dispositive also of his request for leave to file an amended complaint in this case. "In this circuit, after a judgment has been entered, a party must have the judgment reopened pursuant to Federal Rule of Civil Procedure 59(e) or 60(b) and then request leave to amend pursuant to Rule 15(a)." *Amendola v. Bayer*, 907 F.2d 760, 765 n.4 (7th Cir. 1990). Thus, until such time as Hudson "file[s] a motion to vacate the judgment against him and ha[s] that judgment lifted, the court [does] not have to consider the merits of whether to allow [Hudson] to amend his complaint." *Johnson v. Levy Org. Dev. Co.*, 789 F.2d 601, 611 n.8 (7th Cir. 1986).

To conclude, Hudson has failed to show grounds to alter or amend the Court's judgment in this case.  Accordingly, Hudson's motion for reconsideration and for leave to file an amended complaint (Doc. 14) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  May 6, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge